# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>               Plaintiff,<br><br>v.<br><br>DANIEL J. BOHRINGER,<br><br>               Defendant. | Case No. 19-CV-317-JPS<br><br>**ORDER** |

      This foreclosure action began in Milwaukee County Circuit Court in 2011. *See U.S. Bank National Association v. Daniel J. Bohringer et al.*, Case No. 2011-CV-13210, available at: https://wcca/wicourts.gov. Defendant opposed the action through trial and an appeal, but lost at every stage. *Id.* In February 2019, the subject property was sold at auction by the sheriff. On March 1, 2019, apparently in an effort to frustrate the consummation of the sale, Defendant filed a putative notice of removal of this action to this Court.

      This matter comes before the court on Defendant's motion to proceed *in forma pauperis*. (Docket #2). In order to allow a party to proceed without prepaying the $400 filing fee in this matter, the Court must first decide whether they have the ability to pay the fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). On the question of indigence, although Defendant need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege

were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Defendant does not meet this standard. He earns just $800 per month, and states that his total expenses are $600 per month. (Docket #2). However, Defendant further states that he has $1500 in a savings account. *Id.* This is more than sufficient to pay the filing fee. Defendant does not explain any extenuating circumstances in the "Other Circumstances" portion of the form motion. *Id.* The Court will, therefore, deny Defendant leave to proceed without prepayment of the filing fee.

Regardless of Defendant's payment of the filing fee, this action must be remanded for want of jurisdiction. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a).

This action does not invoke either form of jurisdiction. Foreclosure is a matter of state law. Defendant's notice of removal suggests his belief that, by virtue of its removal, this is now an action concerning his civil rights. (Docket #1). Defendant is incorrect. When an action is removed, the subject matter of the action remains the same. In other words, Defendant cannot inject a civil rights claim into this foreclosure case simply by removing it to federal court. If he wishes to pursue a civil rights claim, Defendant must file a separate lawsuit to that effect. There is also no indication from the documents filed by Defendant that diversity is present. Additionally, as a home-state defendant, Defendant is not entitled to remove this case on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2).

Finally, the Court notes that this action appears to have been closed in the Milwaukee County Circuit Court. On March 4, 2019, the court held a hearing to confirm the sheriff's sale. It also heard a motion by Defendant objecting to the sale and requesting that the action be transferred to federal court. The court denied that motion, confirmed the sale, and closed the case. Regardless of these developments, the Court will remand the action to state court to ensure that court retains full jurisdiction to take whatever remaining steps may be required to appropriately conclude the case.

Accordingly,

**IT IS ORDERED** that Defendant's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court take all appropriate steps to effectuate the remand of this case back to the Milwaukee County Circuit Court.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge